## No. 4530.

### ELLEN EDWARDS *v.* FIELDING EDWARDS.

Where the plaintiff excepted to the evidence of the defendant, who testified that he never received the money declared in the marriage contract to be the property of the mother of the plaintiff, nor did ever receive any property from her, or for her account, nor ever made the donation *propter nuptias* mentioned in the marriage contract;

Held—That the objection should have been sustained, because the notarial act could not be contradicted by parol testimony.

APPEAL from the Seventh Judicial District Court, parish of Avoyelles. *Butler*, J. *Barbin & Bordelon*, for plaintiff and appellant. *A. B. Irion*, for defendant and appellee.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Morgan.

WYLY, J. The plaintiff appeals from the judgment rejecting her demand against her father and natural tutor for $2038, the separate property of her mother, and for one hundred and eighty-seven dollars and thirty-eight cents which he collected from her grandfather after the death of her mother.

Ellen Edwards v. Edwards.

The claim for one hundred and eighty-seven dollars and thirty-eight cents is not disputed.

The demand for the $2038 is based on the marriage contract exe-- cuted on the day of the marriage, which declares that the property of the future wife consists of nine hundred and eight dollars, the result of her individual gains and savings, and also one thousand dollars and certain movables estimated at one hundred and thirty dollars denoted *propter nuptias*, by the defendant.

It is admitted that the mother of the plaintiff died in 1847, and the defendant, the natural tutor, caused no inventory of the property to be made.

The plaintiff excepted to the evidence of the defendant, who testi-- fied: that he never received the money declared in the marriage con- tract to be the property of the mother of the plaintiff, "nor did he ever receive any property from her, or for her account, nor did he ever donate the sum of one thousand dollars, as detailed in the mar- riage contract." The objection should have been sustained because the notarial act could not be contradicted by parol testimony.

The nine hundred and eight dollars, dotal property, the defendant alone could administer during the marriage; and the donation, *propter nuptias*, made by himself, if ever delivered, still remained under his control, because it is not shown that the wife of the defendant ever administered her paraphernal property during the marriage. In the face of the marriage contract in which he acknowledged nine hundred and eight dollars as dotal property, and in which he agreed to donate,. *propter nuptias*, one thousand dollars and certain movables estimated at one hundred and thirty dollars, the defendant, who has never caused an inventory to be made and whose possession of this property since the day of the marriage has not been disturbed, "denies that he ever received anything from his said wife; whatever she may have had, either by the gift of respondent, or by the result of her own labor, was reserved by her, and disposed of by herself."

The defense is wholly without foundation. Payment or compen- sation is not established, because it is not shown that the plaintiff accepted the few articles given her by her father, as a discharge in, part of his indebtedness to her.

It is therefore ordered that the judgment herein be annulled, and it is now decreed that the plaintiff recover of the defendant $2038, with five per cent. per annum interest thereon from the tenth day of Octo- ber, 1847, and also the further sum of one hundred and eighty-seven dollars and eighty-three cents, with five per cent. per annum interest thereon from first June, 1859, and that the mortgage accorded by law in favor of minors be recognized and enforced from said respective dates against the property of the defendant, and that he pay costs of both courts.